IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES RALPH ABSHIRE, 1092658, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-2233-G |
| ) | |
| RICK THALER, ) | |
| Director TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner is serving an eight-year sentence for failure to register as a sex offender. *State of Texas v. James Ralph Abshire*, No. F35470 (249th Jud. Dist. Ct., Johnson County, Texas, March 7, 2002). In this petition pursuant to 28 U.S.C. § 2254, Petitioner does not challenge his conviction, but instead challenges his time credits. Petitioner argues Respondent has failed to apply his work credits towards his sentence, which he argues has prevented his release to mandatory supervision. Petitioner seeks release to mandatory supervision.

**II. Discussion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28

U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must exhaust state remedies by presenting his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or a state application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

In this case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or a state habeas petition. Although Petitioner filed a grievance with Texas prison authorities, this grievance does not satisfy the exhaustion requirement. *See Wilson v. Thaler*, No. 2:10-CV-123-J, 2010 WL 2771911 at *1 (N.D. Tex. Jun. 29, 2010) (citing cases), *rec. adopted*, 2010 WL 2771910 (N.D. Tex. Jul. 13, 2010) (finding state prisoner challenging time credits must exhaust state remedies under both the inmate resolution process and state habeas procedures before filing a federal habeas petition).

Although the petition may be dismissed for a failure to exhaust state remedies, a federal court may also address § 2254 claims and deny those claims on the merits. *See* 28 U.S.C. § 2254(b)(2). The Court therefore considers the merits of Petitioner's claims.

Petitioner arguers that the failure to credit his sentence with his work-time credits prevented his release to mandatory supervised release. Petitioner, however, is not eligible for mandatory supervised release. Petitioner was previously convicted of sexual performance of a child under Tex. Penal Code § 43.25. (*See* Response Ex. A.) A person convicted under Penal Code § 43.25 is not eligible for release to mandatory supervision. (*See* Tex. Gov't Code § 508.149(a)(15).) Therefore, any work time credits Petitioner received could only be credited to release on parole. Under Texas law, a prisoner has no constitutionally protected liberty interest

in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Petitioner's claim should therefore be denied.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 17th day of March, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).